IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOSEPH PIPPS | § | |
| *Plaintiff,* | § § § | |
| v. | § | CIVIL ACTION NO. 4:17-cv-684 |
| FLUOR ENTERPRISES, INC. | § § § | JURY TRIAL DEMANDED |
| *Defendant.* | § § | |

PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW Joseph Pipps ("Pipps" or "Plaintiff"), and complains of Fluor Enterprises, Inc. ("Fluor" or "Defendant"), and for his cause of action would respectfully show the Court as follows:

**I. SUMMARY**

1. Fluor violated the Fair Labor Standards Act by failing to pay Pipps (an hourly non-exempt employee) an overtime rate of time-and-a-half his regular rate of pay. Instead, Fluor paid Pipps his regular straight time for hours he worked over 40 per week, as shown in its own paystubs.

**II. PARTIES**

2. Plaintiff Joseph Pipps is an individual residing in Harris County, Texas.

3. Defendant Fluor Enterprises, Inc. is a corporation with a principal place of business in Harris County, Texas. Fluor may be served with process by serving its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, TX 78701-3218.

1

### III. NATURE OF ACTION

4. This is an action filed under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. to recover unpaid wages and other damages owed by Fluor to Pipps.

### IV. JURISDICTION AND VENUE

5. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 29 U.S.C. § 216(b).

6. Venue of this action is proper in this district and division under 28 U.S.C. § 1391(b)(1) and (b)(2) because Fluor has a principal place of business in the Houston Division of the Southern District of Texas and/or a substantial part of the events or omissions giving rise to Pipps' claims occurred in the Southern District of Texas.

### V. FACTUAL BACKGROUND

7. Pipps worked for Fluor from November 2014 to late January 2017.

8. Pipps worked as an HSE field safety employee performing manual non-office work.

9. Pipps was classified as a non-exempt employee by Fluor.

10. Pipps was paid on an hourly basis by Fluor.

11. Pipps was not paid on a salary basis.

12. Pipps customarily and regularly worked many hours in excess of forty hours per week.

13. Pipps primarily performed non-exempt duties.

14. Pipps primarily worked outdoors.

15. Pipps primarily did not work in an office.

16. Pipps primarily performed manual work.

17. The actual amount Pipps received on a weekly or bi-weekly basis fluctuated and depended on the number of hours he worked.

18. Although it is estimated that Pipps worked on average about 50 hours per week, Fluor's time records should reference the amount of time that he worked.

19. Despite the fact that Pipps worked over 40 hours per week, he was not paid an overtime rate by Fluor.

20. Instead, Fluor paid Pipps straight time for the time periods he worked over 40 hours. Fluor acknowledges this payment scheme as indicated in Pipps' pay stubs.

21. Fluor is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA. 29 U.S.C. § 203(b), (r).

22. Fluor is an employer as defined by the FLSA. 29 U.S.C. § 203(d).

23. Fluor has annual gross business of over $500,000.

24. Fluor employed Pipps at all relevant times within the meaning of the FLSA. 29 U.S.C. § 203(g).

25. In performing his duties for Fluor, Pipps was engaged in commerce or in the production of goods for commerce.

26. Pipps was entitled to overtime at one-and-one-half times his regular rate of pay for all hours worked in excess of forty in a workweek. Fluor failed to pay Pipps for this overtime.

27. Fluor's practices of failing to pay overtime compensation violate the FLSA.

28. Fluor knew or showed reckless disregard for whether its actions violated the FLSA.

29. Fluor did not act in good faith in attempting to comply with the FLSA.

30. Fluor willfully violated the FLSA.

## VI. CAUSE OF ACTION – FLSA VIOLATION

31. Pipps hereby incorporates, by reference, the preceding paragraphs as if fully set forth herein.

32. Fluor had an obligation to pay Pipps at a rate of one and one-half times his regular rate of pay for all hours he worked in excess of forty in a given workweek.

33. Pipps also seeks, and is entitled to recover, liquidated damages on his claims under the FLSA. *See* 29 U.S.C. § 216(b). Fluor did not act in good faith when failing to pay Pipps in accordance with the requirements of the FLSA.

34. Fluor also willfully violated the FLSA and/or showed reckless disregard when attempting to comply with the FLSA. Therefore, Pipps is entitled to overtime and liquidated damages for up to three years from the date this lawsuit is filed.

35. Pipps is also entitled to recover attorney's fees because of Fluor's FLSA violation. *See* 29 U.S.C. § 216(b).

## VII. JURY DEMAND

36. Pipps demands a trial by jury.

## VIII. DAMAGES

37. As a result of the above mentioned actions, Pipps seeks the following damages:
    a. Unpaid overtime wages, as provided under the FLSA;
    b. Liquidated damages under the FLSA;
    c. Reasonable and necessary attorneys' fees;
    d. Court costs;
    e. Prejudgment and post-judgment interest.

## IX. PRAYER

Wherefore, premises considered, Pipps respectfully prays that Fluor be cited to appear and answer herein and that upon a final hearing of this action, judgment be entered for Pipps against Fluor for damages in an amount within the jurisdictional limits of this Court, which shall include all above mentioned damages and any other relief, at law or in equity, to which Pipps may be entitled.

Respectfully submitted,

Dated: March 3, 2017                            SUD LAW P.C.

*/s/ Nitin Sud*
Nitin Sud
State Bar No. 24051399
Federal ID No. 611307
6750 West Loop South
Suite 920
Bellaire, Texas 77401
Phone: 832-623-6420
Fax: 832-304-2552
Email: nsud@sudemploymentlaw.com

Attorney for Plaintiff